J-S35009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRACY LEE HODGES | : | |
| | : | |
| Appellant | : | No. 698 MDA 2022 |

Appeal from the PCRA Order Entered April 19, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003261-2017

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED: JANUARY 17, 2023**

Appellant, Tracy Lee Hodges, appeals *pro se* from the post-conviction court's April 19, 2022 order dismissing his untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After review, we affirm.

The PCRA court provided the following description of the facts and trial court proceedings of Appellant's case:

> On May 26, 2017, [Appellant] cut a first[-]floor window[-]screen to gain access to the interior of an occupied residence on East Lemon Street in the City of Lancaster. The resident heard noises on the first floor and discovered the intruder in his kitchen. When the resident called the police, the suspect fled through the rear yard. The police later located clothing and a photo identification of [Appellant] under over-turned trash cans in the back yard. The resident identified the suspect from the recovered photo identification.

---

[*] Former Justice specially assigned to the Superior Court.

[Appellant] was arrested on May 27, 2017, and admitted that he burglarized the residence on East Lemon Street. As a result, [Appellant] was charged with burglary and criminal mischief. [Appellant] tendered a negotiated guilty plea to the charge of burglary on September 29, 2017. [That same day, Appellant] received a sentence of 6 to 12 years' incarceration, plus [a] fine and costs[, in accordance with the plea agreement]. [Appellant did not file a post-sentence motion or a direct appeal.]

PCRA Court Opinion (PCO I), 1/16/19, at 1-2 (footnotes omitted).

Additionally, the PCRA court summarized Appellant's subsequent collateral proceedings, as follows:

In May of 2018, [Appellant] timely filed his first[,] *pro se* PCRA petition (2018 [PCRA]). The [c]ourt appointed counsel and allowed an amended petition with supplemental briefing by [Appellant] and the Commonwealth. After an evidentiary hearing, the [c]ourt denied the 2018 PCRA on its merits by [o]pinion and [o]rder of January 16, 2019. [Appellant] did not appeal. Subsequently, [Appellant] filed a *pro se* PCRA petition (2020 PCRA)[,] alleging ineffective assistance of counsel for his 2018 PCRA counsel's failure to notify him of the [c]ourt's denial of the 2018 PCRA and his right to appeal said denial. With the agreement of the Commonwealth, the [c]ourt reinstated [Appellant's] right to appeal [from] the denial of the 2018 PCRA, *nunc pro tunc*, and[,] pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, appointed new counsel, Stephen W. Grosh, Esquire (appellate counsel). Appellate counsel properly filed a timely notice of appeal on March 26, 2020. After close review of the matters of record, however, appellate counsel concluded that there were no issues of merit to be raised on appeal. Accordingly, he filed an ***Anders***[1] … statement…, along with a motion to withdraw as counsel.[2] After conducting its own

_____

[1] ***See Anders v. California***, 386 U.S. 738 (1967).

[2] We note that, when counsel seeks to withdraw on appeal from the denial of PCRA relief, counsel should file a ***Turner/Finley*** letter or brief, instead of an ***Anders*** brief. ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, "[b]ecause an ***Anders*** brief provides greater protection to a
*(Footnote Continued Next Page)*

review of the matters of record, the Superior Court agreed that [Appellant] had no issues of merit to raise regarding the denial of the 2018 PCRA and granted appellate counsel leave to withdraw. By [m]emorandum [o]pinion of June 7, 2021, the Superior Court affirmed the 2018 PCRA denial. **See Commonwealth v. Hodges**, 258 A.3d 498 … (Pa. Super. 2021) [(unpublished memorandum)].… [Appellant did not seek review with our Supreme Court.]

On July 26, 2021, [Appellant] sent a letter to the undersigned, complaining of several alleged trial court errors associated with his negotiated guilty plea of September 29, 2017. The [c]ourt deemed this a new PCRA petition (original 2021 PCRA) that was untimely filed and failed to meet the requirements for an exception to the timeliness bar. Therefore, on August 19, 2021, the [c]ourt notified [Appellant] pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the original 2021 PCRA without appointment of counsel and without a hearing. On December 7, 2021, [Appellant] filed another *pro se* pleading that the [c]ourt treats as an amended petition to the 2021 PCRA (amended 2021 PCRA), which was filed in response to the [c]ourt's [Rule] 907 [n]otice.

**See** PCRA Court Opinion (PCO II), 4/19/22, at 1-3 (footnote omitted).

On April 19, 2022, the PCRA court entered an order dismissing Appellant's petition without a hearing. On May 5, 2022, Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court later issued a Rule 1925(a) opinion, dated May 10, 2022, in which it relied on the reasons set forth in its April 19, 2022 opinion to support its decision.

On appeal, Appellant raises the following issues for our review:

---

defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

[1]. Did not the PCRA [c]ourt err when it failed to provide a notice of [its] intent to dismiss pursuant to Rule 907?

[2]. Did not the PCRA [c]ourt err when it failed to consider [Appellant's] response to its dismissal, leave to amend PCRA [*sic*] and his [a]mended PCRA [p]etition?

[3]. Was not counsel ineffective for failing to protect his [p]ost[-s]entence and [d]irect [a]ppeal [r]ights?

[4]. Did not the [t]rial [c]ourt err when its on[-]the[-]record guilty plea and sentencing failed to comport to the minimum legal standards[,] rendering [Appellant's] guilty plea unconstitutional?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

- 4 -

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on October 30, 2017, and thus, he had until October 30, 2018, to file a timely petition.[3] Consequently, his petition is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets

---

[3] **See** 42 Pa.C.S. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 903(a) (stating that the notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **see also** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

With that in mind, we turn to Appellant's issues. In his first issue, Appellant complains that the PCRA court failed to provide him with notice pursuant to Rule 907. Appellant's Brief at 8-9; *see also* Pa.R.Crim.P. 907(1) (stating, among other things, that "[i]f the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice."). However, our review of the record demonstrates that the PCRA court *did* provide Appellant with adequate Rule 907 notice. *See* Rule 907 Notice, 8/19/21, at 1 (explaining that Appellant's petition was untimely, noting that he failed to prove any of the exceptions to the timeliness requirement, and giving Appellant 45 days in which to file an amended petition) (unpaginated). In any event, though, where the PCRA petition is untimely, the failure to provide such notice is not reversible error. *See Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa. Super. 2014).[4] Thus, no relief is due on Appellant's first issue.

_____

[4] Further, with respect to Appellant's 2018 PCRA petition, the PCRA court said that an evidentiary hearing was held, rendering Rule 907 notice unnecessary. *See* PCO at 1 ("After an evidentiary hearing, the [c]ourt denied the 2018 PCRA on its merits….").

In Appellant's second issue, he claims that the PCRA court erred "when it failed to consider '[Appellant's] Response' to its dismissal, 'Leave to Amend PCRA', and his 'Amended PCRA Petition[.]'" Appellant's Brief at 10 (unnecessary capitalization and emphasis omitted). His argument on this issue consists of the following, which we re-produce *verbatim*, with the exception of how we refer to Appellant:

> [Appellant] filed his response to PCRA Courts dismissal. At all times [Appellant] was determined to be with Counsel. As expressed by the Court's responses with generic "Rule 576" information, without actually explaining. At no time was [Appellant] aware that his counsel abandoned him, failed to protect his rights, or withdrew. Therefore, 'counsel is presumed effective.' (see **Commonwealth v. Cataquet**, 2014 Pa. Super. Unpub. Lexis 4005 (Pa. Super. 2014). [Appellant] was not permitted to file any *pro se* filings without his counsel of record signing and filing. Pa.R.CrimP 576(A)(4). This prevents "Hybrid representation" where [Appellant] is tempted to submit filings contrary to their counsel's strategy. However, it also prevents [Appellant] from submitting responses when his counsel fails to do so.

> PCRA Court failed to address [Appellant's] Motion for Leave to Amend PCRA Petition. "When faced with a motion to amend a pending PCRA Petition. Such motions are governed by Rule 905(A). **Commonwealth v. Crispell**, 193 A.3d 919 (Pa. 2018) The PCRA Court not only exercised no discretion in addressing [Appellant's] motion to amend, it failed to address it al all. "PCRA Courts are invested with descretion to permit the Amendment of a PCRA Petition." The amendment should be freely allowed to achieve substantial justice. (**Commonwealth v. Flanagan**, 578 Pa. 587, 854 A.2d 489, 499 (Pa. 2004). Adherence to this liberal standard is essential because criminal defendants may have just one opportunity to pursue collateral relief in state court. Allow amendments should be freely allowed, [Appellant] must seek leave prior to them being accepted.

> In the present matter, [Appellant] did just that. [Appellant] sought leave to amend his PCRA petition. The record does not reflect whether the PCRA Court ever considered the leave to

amend his PCRA Petition. Appellate Courts will not disturb a PCRA Court's ruling if it is supported by evidence of record and free of legal error. Since the record does not reflect and consideration of [Appellant's] motion to amend, accordingly the only option available is to remand to the PCRA Court for a ruling on [Appellant's] motion for leave to amend his PCRA Petition.

*Id.* at 10-11.

We deem Appellant's claim waived. With respect to his assertions that the PCRA court did not consider his response to its dismissal, it is unclear from his argument and the record which response of his the PCRA court allegedly failed to consider, and he does not elaborate on which responses he was purportedly prevented from submitting. Further, regarding Appellant's assertion that the PCRA court failed to address his motion for leave to amend, it is likewise ambiguous as to what he is referring to in the record. Because we are unsure of what Appellant is referencing, we also cannot determine whether these claims are presently reviewable. It is well-established that, "[w]hen briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (citations omitted). This Court "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Id.* (citation omitted). This issue is waived.

- 8 -

In Appellant's third issue, he avers that "counsel provide[d] ineffective assistance … for failing to protect Appellant's post[-]sentence and direct appeal rights[.]"  Appellant's Brief at 12 (emphasis and unnecessary capitalization omitted).  He argues that "[t]rial [c]ounsel, PCRA [c]ounsels, and [a]ppellate [c]ounsel failed to file, petition, or brief [Appellant's] issues … outright, timely, and include[] issues requested."  *Id.*  Appellant says that Appellant's "counsel of record (all of them) had a duty to protect [Appellant's] [p]ost[-s]entence [m]otion, [d]irect [a]ppeal, [a]llowance of [a]ppeal, and Supreme Court of the United State[s] … 'Cert' review.  Once counsel made an appearance[,] they had a duty (obligation) to protect all of [Appellant's] post[-]trial remedies all the way up to the Supreme Court of the United States."  *Id.*

Again, we deem this issue waived.  Appellant does not specify how exactly any of his counsel have acted ineffectively, aside from making vague, sweeping assertions of attorney abandonment.  In addition, he proffers no authority or argument to support that we have jurisdiction to review this issue given the PCRA's timeliness requirements.  *See In re R.D.*, *supra*.  Accordingly, no relief is due on this basis.

Finally, in Appellant's fourth issue, he claims that the trial court "err[ed] when it[s] on[-]the[-]record guilty plea and sentencing failed to comport [with] the minimum legal standards[,] rendering [his] guilty plea unconstitutional[.]"  Appellant's Brief at 14 (unnecessary capitalization and emphasis omitted).  Appellant, however, does not explain how this claim meets a timeliness exception to the PCRA's time-bar.  *Commonwealth v.*

*Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) ("Failure to present or develop an argument in support of a claim causes it to be waived.") (citation omitted). Thus, Appellant is not entitled to any relief on this issue either.

Based on the foregoing, we affirm the PCRA court's order dismissing Appellant's petition. No relief is warranted.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/17/2023